OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, New York 10022
Adam H. Friedman
Eric Goldberg
Fredrick J. Levy
212.451.2300

*Counsel to Robert Gladstone, Lucille Gladstone,
John Lesher and Andrew Harris*

**UNITED STATES BANKRUPTCY COURT
THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>MADISON 92nd STREET ASSOCIATES, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 11-13917 (SMB) |

**STIPULATION RESOLVING MOTION FOR DISMISSAL, APPOINTMENT OF A
CHAPTER 11 TRUSTEE OR APPOINTMENT OF A CHAPTER 11 EXAMINER BY
THE APPOINTMENT OF AN EXAMINER**

WHEREAS, on August 16, 2011, Madison 92nd Street Associates (the "Debtor") filed this chapter 11 bankruptcy case (the "Bankruptcy Case"); and

WHEREAS, Robert Gladstone ("Gladstone"), Lucille Gladstone ("L. Gladstone"), John Lesher ("Lesher"), and Andrew Harris ("Harris") as members of the Debtor (together referred to as the "Gladstone Group") moved this Court (the "Motion") for entry of an order dismissing the case pursuant to 28 U.S.C. § 1112(b), or, in the alternative, appointing a chapter 11 trustee, pursuant to 28 U.S.C. §1104(a)(1) and (2), or a chapter 11 examiner, pursuant to 28 U.S.C. §1104(c)(1); and

1410150-4

WHEREAS, the Debtor, by 92nd St. Hotel Associates LLC ("Hotel Associates"), by Louis Taic ("Taic"), and JKNY, LLC ("JKNY"), by Jeffrey Kosow ("Kosow") (JKNY and Hotel Associates, the "Hotel Associates Group"), opposed the Motion (the "Opposition"), and Movants replied to the Opposition; and

WHEREAS, Rosenberg Calica & Birney LLP, Rivkin Radler LLP and Courtyard Marriott each filed pleadings in support of so much of the Motion as sought the appointment of a chapter 11 trustee; and

WHEREAS, a hearing on the Motion was held by the Court on September 13, 2011; whereat the terms of this settlement were placed on the Court record (the "Hearing"); and

WHEREAS, each of the Gladstone Group, the Hotel Associates Group and the Debtor, (together, the "Parties"), have negotiated in good faith and at arms length through the undersigned counsel and have agreed to a resolution of the Motion;

IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN EACH OF THE PARTIES AS FOLLOWS:

1. The Motion is resolved by the terms of this Stipulation and the appointment of an examiner by separate order submitted by the United States Trustee and entered by the Court; to avoid confusion, the Motion is withdrawn in all other respects, including the request for the appointment of a chapter 11 operating trustee..

2. Effective September 13, 2011, Gladstone is and shall be, a Co-Managing Member of the Debtor with Hotel Associates. JKNY is not a Co-Managing Member of the Debtor as of September 13, 2011. Gladstone and Hotel Associates shall be and shall act as Co-Managing Members until the confirmation of a plan in the Bankruptcy Case, and all actions by the Debtor shall be jointly approved by the Co-Managing Members subject to the below-described items.

2

3. The Gladstone Group acknowledges the propriety of the filing of the Bankruptcy Case and shall not move to dismiss the Bankruptcy Case.

4. Gladstone and Lesher shall immediately cause their action in Delaware Chancery Court to be dismissed.

5. The United States Trustee shall expeditiously select an examiner and move for appointment thereof by separate order (the "Examiner"). The Examiner shall examine and issue a report within 45 days of the entry of the order of his/her appointment, or on the next business day if such day falls upon a weekend or holiday (the "Examiner's Report") with regard to the following: (a) evaluating which direction is best or more appropriate for the Hotel as between the two proposed strategies espoused by the Gladstone Group and the Hotel Associates Group and recommending which strategy is best for the Debtor, its creditors, its equity holders and its bankruptcy estate; and (b) evaluating the disinterestedness of Debtor's counsel Goldberg Weprin Finkel Goldstein LLP ("GWFG") and its co-special counsel Olshan Grundman Frome Rosenzweig & Wolosky LLP ("OGFRW") and recommending whether each should be permitted to continue in their respective roles.

6. Upon the issuance of the Examiner's Report, if the Parties do not agree on how the Debtor should proceed, the Gladstone Group and the Hotel Associates Group may immediately file their own plans of reorganization such that there can be two competing plans, one by each Group and its supporters. Neither the exclusive right of the Debtor to file a plan of reorganization or any other provision of the Bankruptcy Code nor any provision of the Debtor's Operating Agreement (as that term is defined in the Motion), including without limitation the Eighth Amendment, shall preclude the Gladstone Group or the Hotel Associates Group from the pursuit of competing plans for which creditor approval shall be solicited together and neither

Group will object thereto on the grounds that the Operating Agreement precludes the pursuit of any such plan.

7. The Gladstone Group recognizes JKNY's 3.255% membership interest subject to the Admission Agreement (Exhibit C to the Motion) and the November 28, 2006 letter agreement (Exhibit G to the Opposition).

8. None of the Parties shall interfere with the efforts of the other Parties to explore and develop their strategy for their respective reorganization plans before the Examiner's Report is issued. Accordingly, the Gladstone Group shall not directly or indirectly contact or interfere with any potential lenders, brokers or transaction partners of the Hotel Associates Group, including without limitation Westport Capital Partners and its affiliates and Savills and any lender Savills or Westport Capital Partners procures. Likewise, the Hotel Associates Group shall not directly or indirectly contact or interfere with any prospective buyers or stalking horse bidders with whom the Gladstone Group is negotiating or who are interested in entering into such negotiations with the Gladstone Group.

9. Until the filing of the Examiner's Report, no Party shall file any pleading associated with, pertaining to or in furtherance of a plan of reorganization it may subsequently file or in furtherance of a transaction which could be a part of or in anticipation of such plan.

10. The Parties agree that GWFG shall continue as Debtor's counsel pending the issuance of the Examiner's Report but shall be limited to rendering the following services to the Debtor (the "45 Day Services"):

    a. preparing Monthly Operating Reports,

    b. attending 341 Meetings;

    c.        finalizing and filing a cash collateral stipulation (with the participation and consent of OGFRW, which participation shall be compensable by the Debtor's bankruptcy estate as an administrative expense, subject to Court approval);

    d.        obtaining the retention of Katten Muchin Rosenman LLP as special counsel to the Debtor with regard to its litigation against Courtyard Marriott in New York Supreme Court and related matters in the Bankruptcy Case;

    e.        obtaining the retention of OGFRW as co-special counsel with regard to the Courtyard Management Agreement and to work with GWFG on the rejection thereof;

    f.        moving to reject the Courtyard Management Agreement; and

    g.        other motions or matters to which the Co-Managing Members mutually agree and direct GWFG to pursue.

11.        Subject to Court award, GWFG shall be paid its fees and expenses from the Debtor's bankruptcy estate, subject to the unearned retainer described in the Debtor's application to retain GWFG, for all services it rendered as Debtor's counsel up through September 13, 2011. Thereafter, GWFG shall be paid its fees and expenses from the Debtor's bankruptcy estate for 45 Day Services. To the extent GWFG renders additional services, such as in furtherance of the refinancing or other transaction and any plan of reorganization promoted by the Hotel Associates Group, those fees and expenses are only compensable from the Debtor's bankruptcy estate in the event that such plan of reorganization is confirmed. Likewise, only the fees and expenses incurred by OGFRW in connection with the 45 Day Services for which OGFRW's participation is enumerated are compensable from the Debtor's bankruptcy estate; provided however, that, in the event that the Gladstone Group's plan is confirmed, all of OGFRW's fees and expense

5

incurred in furtherance of that plan and actions related thereto are compensable from the Debtor's bankruptcy estate. It is understood that the fees of GWFG and OGFRW which are not compensable from the Debtor's bankruptcy estate are compensable from the distribution to their respective equity owner clients as a result of whatever transaction results from the process described herein.

12. The Hotel Associates Group shall not object to or otherwise oppose the claim of GECC (as defined in the Motion) until the Hotel Associates Group files a plan of reorganization which provides for such a challenge. However, the Hotel Associates Group shall have the ability to discuss the GECC claim with GECC prior to such filing.

13. This Stipulation may be executed in counterparts, and facsimile or emailed signatures shall have the same force and effect as original signatures.

Dated: New York, New York
      September __, 2011

                    OLSHAN GRUNDMAN FROME
                    ROSENZWEIG & WOLOSKY LLP
                    *Counsel to the Gladstone Group*

By:  /s/ Adam H. Friedman
      Adam H. Friedman
      Eric Goldberg
      Fredrick J. Levy
      Park Avenue Tower
      65 East 55th Street
      New York, New York 10022
      212.451.2300


      GOLDBERG WEPRIN FINKEL
      GOLDSTEIN LLP
      *Counsel for the Debtor and the Hotel Associates Group*

By:  /s/ Kevin J. Nash
      Kevin J. Nash
      1501 Broadway - 22nd Floor
      New York, New York 10036
      212.221.5700


SO-ORDERED THIS 20TH DAY
OF SEPTEMBER, 2011


  /s/ STUART M. BERNSTEIN
STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE