Thomas R. Slome
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706

*Proposed Attorneys for the Examiner*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:

MADISON 92ND STREET ASSOCIATES, LLC

Debtor.

------------------------------------------------------------X

Chapter 11

Case No. 11-13917 (SMB)

### EXAMINER'S APPLICATION FOR AN ORDER UNDER BANKRUPTCY CODE SECTION 327 AND BANKRUPTCY RULE 2014 AUTHORIZING EXAMINER TO RETAIN AND EMPLOY RSR CONSULTING, LLC AS FINANCIAL CONSULTANTS *NUNC PRO TUNC* TO SEPTEMBER 22, 2011

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

Thomas R. Slome, the examiner (the "Examiner") appointed in the chapter 11 case of the above-captioned debtor (the "Debtor"), in support of this application (the "Application") for an order authorizing him to retain a financial consultant, respectfully sets forth as follows:

1. The Examiner hereby requests that the Court enter an order authorizing him to retain as of September 22, 2011, RSR Consulting, LLC ("RSR") as his financial consultants under sections 327, 1104 and 1106 of title 11, United States Code ("Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

## JURISDICTION

2. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

## BACKGROUND

3. On August 16, 2011, the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code.

4. On September 14, 2011, the Court entered its Order Pursuant to 11 U.S.C. §1104(c) Directing The Appointment of an Examiner [Docket No. 41] (the "Examiner Direction Order").

5. On September 20, 2011, the Court entered a so-ordered Stipulation Resolving Motion For Dismissal, Appointment of a Chapter 11 Examiner or Appointment of a Chapter 11 Examiner by the Appointment of an Examiner [Docket No. 45] (the "Examiner Stipulation and Order").

6. On September 22, 2011, the United States Trustee filed a Notice of Appointment of Examiner, pursuant to which the undersigned was appointed to serve as examiner in this case [Docket No. 46].

7. Also on September 22, 2011, the United States Trustee filed an Application For Order Approving Appointment of an Examiner [Docket No. 47].

8. On September 26, 2011, the Court entered its Order Approving the Appointment of Chapter 11 Examiner [Docket No. 48] (the "Appointment Approval Order")

9. Under both the Examiner Direction Order and the Examiner Stipulation and Order, the Examiner was directed to examine and issue a report within 45 days of the entry of the Appointment Approval Order (i.e., November 9, 2011), with regard to the following:

(a) evaluating which direction is best or more appropriate for the "Hotel" as between the two proposed strategies espoused by the "Gladstone Group" and the "Hotel Associates Group" and recommending which strategy is best for the Debtor, its creditors, its equity holders and its bankruptcy estate; and

(b) evaluating the disinterestedness of Debtor's counsel Goldberg Weprin Finkel Goldstein LLP and its co-special counsel Olshan Grundman Frome Rosenzweig & Wolosky LLP and recommending whether each should be permitted to continue in its respective role.

10. The first charge listed above requires analysis of financial, business and legal issues. Accordingly, the Examiner hereby seeks to retain a financial consultant with experience concerning the financial and business issues relating to restructuring and the hospitality industry.

**REQUEST FOR RELIEF**

11. The Examiner has selected RSR as his financial consultants because of its extensive accounting and consulting expertise in bankruptcy and reorganization proceedings. RSR's professionals additionally have extensive experience working with various chapter 11 constituencies and examiners in large complex bankruptcy cases across a wide spectrum of industries.

12. Robert Rosenfeld, a Managing Member of RSR, specializes in advising and managing troubled companies, providing litigation consulting and performing forensic investigations. Mr. Rosenfeld has over 27 years of experience as an auditor, bankruptcy and turnaround advisor, crisis manager, and forensic accountant. Mr. Rosenfeld has been a financial advisor to debtors, creditors committees, lenders, trustees, examiners, and shareholders. Mr. Rosenfeld's financial advisory experience includes: strategic business planning, operational and

debt restructuring, solvency analysis, evaluating feasibility of restructuring plans, valuations, evaluating asset sale options and strategies in furtherance of a plan of reorganization, developing and implementing divestiture strategies, and identifying fraud and/or misdirection of assets.

13. RSR has extensive experience with chapter 11 cases, out-of-court work-outs and other litigation and business consulting relating to hotels and real estate located throughout the United States, including New York City properties. This experience makes RSR highly qualified for the role of financial advisor in this case. RSR's hotel and real estate experience is summarized in the accompanying Declaration of Robert Rosenfeld in Support of Examiner's Application For Order Authorizing Him to Retain Financial Consultant (the "Rosenfeld Declaration") and in particular on Exhibit "A" thereto.

14. Moreover, RSR has familiarized itself with the Debtor's financial activities and began rendering services to the Examiner as of September 22, 2011. For that reason, the Examiner requests that the Court authorize RSR's retention effective as of September 22, 2011.

15. Accordingly, the Examiner believes that RSR is well-qualified to serve as financial consultants to the Examiner and that the retention of RSR is the best interest of the Debtor's estate, its creditors and its equity holders.

## COMPENSATION AND SERVICES TO BE RENDERED

16. Subject to Court approval, and in accordance with Section 330(a) of the Bankruptcy Code, compensation will be payable to RSR on an hourly basis. RSR's services to the Examiner will be provided by Robert Rosenfeld primarily, but also by other employees of RSR as well. The hourly billing rates for these individuals are as follows:

> Robert Rosenfeld – Managing Member    $375
> Directors & Consultants    $200-$295

17. RSR will also seek reimbursement of the actual and necessary expenses it incurs in connection with its work on behalf of the Examiner in these cases. RSR only seeks reimbursement for actual, out-of-pocket expenses incurred in favor of third parties, and does not charge for internal telecommunications, document generation or general office services.

## RSR'S CONNECTION TO THIS CASE

18. The Examiner has reviewed the Rosenfeld Declaration, including the "connections" to this case as disclosed therein.

19. Notwithstanding any such connections, the Examiner believes that RSR is a disinterested person, and does not hold or represent an interest adverse to the Debtor's estate with respect to matters for which RSR is to be employed, as required by section 327 of the Bankruptcy Code. The Examiner further believes that RSR's employment is necessary and in the best interests of the Debtor's estate.

## SCOPE OF SERVICES

20. The professional services that the Examiner anticipates RSR will render to him in this proceeding include the following:

(a) Assessing the financial and business situation and business prospects of the Debtor to the extent relevant to determining and evaluating one or more feasible reorganization or restructuring strategies for the Debtor;

(b) Assessing from a business and financial perspective any proposed or contemplated refinancings or sales or other reorganization, restructuring and/or disposition of the Debtor or its assets;

(c) Assessing the reasonableness of Debtor's projections and alternative strategic initiatives;

(d) Reviewing valuations/appraisals prepared by the Debtor or third parties;

(e) Reviewing other materials related to alternative strategies provided by the parties in interest;

(f) Meeting with the parties in interest to ascertain the financial position of the Debtor's property; and

(g) Advising the Examiner on these issues and coordinate with the Examiner on the related legal issues surrounding the assessment and examination of the best reorganization restructuring strategy for the Debtor.

## CONCLUSION

WHEREFORE, the Examiner respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit "B," authorizing the retention of RSR as his financial consultant pursuant to the terms set forth in this Application and the Rosenfeld Declaration, and granting such other and further relief as this Court deems just and proper.

**Dated:** Garden City, New York
September 29, 2011

_____
THOMAS R. SLOME, Chapter 11 Examiner of
Madison 92nd Street Associates, LLC Bankruptcy
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706